IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMIE WHITLOW                                                                              PLAINTIFF

v.                                         Civil No. 4:18-cv-4058

SHERIFF JACKIE RUNION, Miller County,
Arkansas; WARDEN JEFFIE WALKER,
Miller County Detention Center ("MCDC");
CAPTAIN GOLDEN ADAMS, MCDC;
SERGEANT ALLEN GRIFFEN, MCDC;
and LIEUTENANT MILLER, MCDC                                                       DEFENDANTS

## **ORDER**

Plaintiff Jamie Whitlow, Jr. filed this 42 U.S.C. § 1983 action *pro se* on April 24, 2018. (ECF No. 1). Currently before the Court is Plaintiff's failure to comply with two Court orders.

On April 24, 2018, the Court entered an order directing Plaintiff to submit an application to proceed *in forma pauperis* ("IFP") and file an Amended Complaint to assert his claims on or before May 15, 2018. (ECF No. 2). The Court's order was not returned as undeliverable. To date, Plaintiff has not responded to or complied with the order. On May 21, 2018, the Court issued an order directing Plaintiff to show cause by June 1, 2018, as to why he failed to comply with the Court's order to submit an IFP application. (ECF No. 4). The Court's show cause order was not returned as undeliverable. To date, Plaintiff has not responded to the show cause order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently

> . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to obey two orders of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge